## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS KITTRELLS,** | ) | **CASE NO.: 1:12CR285** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on Petitioner, Douglas Kittrells' Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Docket

#1599.)

### Procedural History

On June 7, 2012, Petitioner was charged in a multi-defendant, multi-count indictment

with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in

violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846 (Count 1); and

with use of a communication facility to facilitate a drug trafficking offense, in violation of Title

21, United States Code, Section 843(b) (Count 51).  On May 31, 2013, the Parties entered into a

Plea Agreement.  Petitioner entered a plea of guilty to Count 1.  (Docket #1256.)

The Presentence Report recommended a base offense level of 18 under U.S.S.G § 2D1.1

because Petitioner's offense involved between 100 to 200 grams of cocaine.  (Docket #1331, p.

12 ¶ 22.)  Petitioner was determined to be a career offender based on his prior drug trafficking

convictions, which resulted in an amended offense level of 32.  (Docket #1409, p. 24.)  Based on

the Government's Motions, this Court subsequently reduced the base offense level from 32 to 25,

for a recommenced guidelines range of 110-137 months.  (*Id.* at 27-28.)  This Court sentenced

Petitioner to 110 months.  (Docket #1365.)  Petitioner subsequently appealed arguing that he did

not have the qualifying offenses for designation as a career offender.  (Docket # 1368.)  The

Sixth Circuit affirmed the District Court's judgment finding that Petitioner "meets the definition

of a career offender under the guidelines."  (Docket # 1544.)

On December 16, 2015, Petitioner filed his Section 2255 Motion with this Court in which

Petitioner sets forth two separate Issues for Review:

> Issue One:    Petitioner was denied effective assistance of counsel by Counsel
> failing to raise a guideline error at a critical stage (sentencing and
> pre-sentencing) and Counsel improperly advised Petitioner that he
> was a career offender.

> Issue Two:    Petitioner is legally and lawfully innocent of the career offender
> guideline enhancement.

(Docket #1599.)  On January 5, 2016, the Government filed its Response in Opposition to

Petitioner's Motion.  (Docket # 1606.)  The Government argues Petitioner's claims are without

merit and should be denied.  On March 2, 2016, Petitioner filed a Reply to the Government's

Response.  (Docket #1614.)

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion; the Response filed by the Government; and, Petitioner's Reply to the Government's Response. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

## I.  Ineffective Assistance of Counsel Claim

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

Petitioner argues that Counsel was ineffective because he failed to challenge Petitioner's career offender designation. Petitioner's Counsel raised an argument in a sentencing memorandum, filed on Petitioner's behalf, and at sentencing, challenging Petitioner's career offender status based on different reasoning, which this Court overruled. The argument Petitioner now submits as to why Counsel was ineffective fails because while Counsel was required to research and investigate facts and law pertaining to Petitioner's case, Counsel was under no obligation to propound frivolous arguments. *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986). The argument Petitioner contends Counsel should have raised is the same argument the Sixth Circuit decided on appeal has no merit. The Sixth Circuit stated,

> The problem is, we recently rejected this precise argument in *Williams*. Kittrells's reasoning, we held, confuses the method for *scoring* a separate criminal episode with the method for *identifying* one. "Read in context," we explained, the career-offender guideline "says nothing" about how to treat "multiple crimes within a single predicate episode." *Williams*, 753 F.3d at 639. Separating out criminal episodes for purposes of the career-offender guideline thus has nothing to do with sentence length. *Id.* What's more, Kittrells's reading makes a hash of the guideline because it would allow defendants to avoid career-offender status by committing *more* than just the qualifying drug offense. *Id.* Nothing requires such an unusual result.

*United States v. Kittrells*, 605 Fed. Appx. 543, 543-44 (6th Cir. 2015) (unpublished).

Petitioner has failed to present evidence to support his claim that Counsel was ineffective and that he suffered prejudice as a result of the performance of Counsel. Petitioner submits only self-serving, conclusory statements regarding the alleged deficiencies of Counsel. The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions of Counsel would have resulted in a different outcome in this case.

## II.     Career Offender Designation Claim

Petitioner argues that he is "innocent of the career offender guideline enhancement."

(Docket #1599.)  Petitioner's claim is without merit.

The Plea Agreement, executed by Petitioner on May 31, 2013, reads as follows:

> 20. Waiver of Appellate rights. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by Title 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under Title 28 U.S.C. § 2255 (2012). Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Docket # 1256: Plea Agreement at ¶ 20.)

Petitioner expressly waived his right to attack his conviction and sentence.  Prior to accepting Petitioner's guilty plea, the Court asked Petitioner whether he had consulted with his attorney about the evidence against him; his involvement in the case; and, potential defenses. Petitioner expressly indicated that he had read the Plea Agreement; that the decision to plead guilty was made knowingly and voluntarily; and, that he understood that by pleading guilty he was making a complete admission as to the truth of the charges for which he pled guilty.  The Plea Agreement was read into the record in its entirety, including Paragraph 20 by which Petitioner waived his right to attack his sentence.  After the Plea Agreement was read, the Court confirmed Petitioner was listening; that he understood the terms of the Plea Agreement; and, that

-5-

he had no questions about it or any other aspect of the case.  The Plea Agreement was signed by

Petitioner.  Petitioner entered his plea knowingly, voluntarily, and of his own free will.

Further, as set forth above, Petitioner was properly designated as a career offender based

on his criminal history.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of

appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part,

as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention
> complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #1599 in Case No. 1:12CR285) is DENIED. There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED

_Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _April 22, 2016_